Michael H. Meyer, Esq. #82336
Chapter 13 Trustee
Deanna K. Hazelton, #202821
Senior Staff Attorney
Sarah R. Velasco, #255873
Staff Attorney
PO BOX 28950
Fresno, California 93729-8950
Telephone (559) 275-9512
Fax (559) 275-9518
E-mail: cvinson@meyer13.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA FRESNO

| | |
|---|---|
| **In re:** | **Case No.: 16-12259-B-13K** |
| **Daniel Lee Sanders** | **Chapter 13** |
| | **DC NO: PK-2** |
| **DEBTOR** | ☒ **CHAPTER 13 TRUSTEE'S OPPOSITION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | ☐ **REQUEST FOR BAR DATE** |
| | **DATE: April 4, 2019** <br> **TIME: 9:00 AM** <br> **PLACE: U.S. Courthouse** <br> **2nd Floor, 510 19th Street** <br> **Bakersfield, Ca 93301** |
| | **JUDGE: Honorable Rene Lastreto II** |

### PLAN OBJECTION INFORMATION

Trustee Objects To: FIRST MODIFIED CHAPTER 13 PLAN
Dated: 02/11/2019
Filed: 02/12/2019
Docket #: 38

### CASE INFORMATION

Petition Filed: 06/23/2016       (Pre Confirmation) 341 Concluded:
Confirmation Deadline:       (Post Confirmation) Last Confirmed Plan: 09/21/2016

1

## I. OBJECTION

**MICHAEL H. MEYER**, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan filed on 02/12/2019 on the following grounds:

### (A) CHAPTER 13 PLAN 11 U.S.C. §1322, 1324, 1325 and 1326

☐ **(1)** Other: **Only the Debtor may propose a chapter 13 plan**

**Facts: Based on Declaration of Clyde Sanders, Debtor has passed away. See Doc No. 35. Only the debtor may file a chapter 13 plan. See Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 916 (B.A.P. 9th Cir. 2011). In the case at bar, upon the death of Debtor, there is no one who is eligible to propose a chapter 13 plan on his behalf and a plan will never be confirmed. The Trustee notes that Debtor did not sign the proposed modified plan.**

☒ **(2) Other:** The plan fails to provide for payments for Debtor's applicable commitment period. [11 U.S.C. § 1325b(b)(4); 1329(c)]

**Facts:**

**1. On June 23, 2016, Debtor filed Official Form 22C-1. See Doc. No. 1. Debtor is below median income. Debtor checked the box "commitment period is 3 years."**

**2. The confirmed plan, filed on June 23, 2016, provided for a plan duration of 47 months. See Doc. Nos. 5, 14.**

**3. On February 12, 2019, Debtor filed First Modified Chapter 13 Plan. See Doc. No. 38. 2.03 of the plan states: "[t]he monthly plan payment will continue for See section 7." Additional provision 7.01 of the plan, states that a final payment of $2,716.24 will be made in April 2019. April 2019 is month 34 of the plan.**

**4. The proposed plan provided for a 10% payback to unsecured creditors.**

**11 U.S.C. § 1325(b)(4)(i) states "for purposes of this subsection, 'applicable commitment period' …shall be – 3 years…" The plan must provide for payments for a debtor's entire applicable commitment period even if the debtor has no disposable income. See e.g. In re Escarcega, 573 B.R. 219, 234–35 (B.A.P. 9th Cir. 2017), appeal dismissed, No. 17-60073, 2018 WL 1870673 (9th Cir. Apr. 12, 2018) citing In re Flores, 735 F.3d 855, 859 (9th Cir. 2013).**

**Therefore, the plan duration must be at least as long as the applicable commitment period. See In re Flores, 735 F.3d at 862. In the case at bar, Section 1325(b)(4) requires an applicable commitment period of not less than 3 years. See 11 U.S.C. § 1325(b)(4)(A)(i). Debtor's applicable commitment period of three years was determined at confirmation of Debtor's original plan in 2016. Therefore, the plan duration must be no less than 3 years. As a result, Debtor must propose a modified plan of no less than 36 month, unless of course the plan provides for a 100% payback to unsecured creditors.**

2

| **(B) 11 U.S.C. §1325(b)(1)(B) DISPOSABLE INCOME** |
|---|
| ☒ **NONE** |

| **(C) LOCAL RULES** |
|---|
| ☒ **NONE** |

| **II. OTHER DOCUMENTS FILED CONCURRENTLY HEREWITH** |
|---|
| ☒ **NONE** |

| **III. TRUSTEE'S RECOMMENDATION/ANALYSIS** ||
|---|---|
| ☐ The Order Confirming Plan can fix the issues herein and the Trustee will agree to confirmation on the following terms: | ☐ The defects in this plan cannot be fixed and a modified plan will be required to be filed and set for hearing. |
| ☐ No confirmable plan can be filed based on the facts of this case. Trustee has or will be filing a motion to dismiss or convert. | ☐ A briefing schedule should be set and the parties should file a statement of disputed and undisputed facts. |
| ☒ Please continue this matter allowing Debtor time to file a written response, evidence, and/or amended schedules and Trustee time to file a written reply. | ☐ No Facts are in Dispute at this time and no evidentiary hearing is necessary. |
| ☐ Debtor must do the following before the hearing date before the court can recommend confirmation: | ☐ Other: |

**WHEREFORE**, the Trustee requests:

☒ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☒ Such other and further relief as the Court deems proper.

DATE: March 15, 2019

   Respectfully Submitted,
/s/Sarah R. Velasco
Sarah R. Velasco, Staff Attorney for
Michael H. Meyer, Chapter 13 Trustee