**5 PAGES**
**PATRICK KAVANAGH**; BAR NO. 99829
**LAW OFFICES OF PATRICK KAVANAGH**
1331 "L" Street
Bakersfield, CA 93301
(661) 322-5553
Attorneys for Debtor and CLYDE SANDERS

# UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of | Case No. 16-12259-B-13K |
| DANIEL SANDERS | Chapter 13 |
| Debtor | DC-PK-2 |
| | RESPONSE TO TRUSTEE'S OPPOSITION TO CONFIRMATION OF CHAPTER 13 PLAN |
| | DATE: April 4, 2019 |
| | TIME: 9:00 a.m. |
| | PLACE: 510 19TH Street Bakersfield, CA |
| | JUDGE: René Lastreto II |

COMES NOW CLYDE SANDERS, brother of the deceased debtor and the representative of the debtor herein, through his attorney of record, PATRICK KAVANAGH, and files the herein Response to Trustee's Motion to Dismiss.

**OBJECTION:**

Facts: Based on Declaration of Clyde Sanders, Debtor has passed away. See Doc No. 35. Only the debtor may file a chapter 13 plan. See Ellsworth v. Lifescape

-1-

Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 916 (B.A.P. 9th Cir. 2011). In the case at bar, upon the death of Debtor, there is no one who is eligible to propose a chapter 13 plan on his behalf and a plan will never be confirmed. The Trustee notes that Debtor did not sign the proposed modified plan.

1. On June 23, 2016, Debtor filed Official Form 22C-1. See Doc. No. 1. Debtor is below median income. Debtor checked the box "commitment period is 3 years."

2. The confirmed plan, filed on June 23, 2016, provided for a plan duration of 47 months. See Doc. Nos. 5, 14.

3. On February 12, 2019, Debtor filed First Modified Chapter 13 Plan. See Doc. No. 38. 2.03 of the plan states: "[t]he monthly plan payment will continue for See section 7." Additional provision 7.01 of the plan, states that a final payment of $2,716.24 will be made in April 2019. April 2019 is month 34 of the plan.

4. The proposed plan provided for a 10% payback to unsecured creditors.

11 U.S.C. § 1325(b)(4)(i) states "for purposes of this subsection, 'applicable commitment period' …shall be – 3 years…" The plan must provide for payments for a debtor's entire applicable commitment period even if the debtor has no disposable income. See e.g. In re Escarcega, 573 B.R. 219, 234–35 (B.A.P. 9th Cir. 2017), appeal dismissed, No. 17-60073, 2018 WL 1870673 (9th Cir. Apr. 12, 2018) citing In re Flores, 735 F.3d 855, 859 (9th Cir. 2013).

Therefore, the plan duration must be at least as long as the applicable commitment period. *See In re Flores*, 735 F.3d at 862. In the case at bar, Section 1325(b)(4) requires an applicable commitment period of not less than 3 years. See 11 U.S.C. § 1325(b)(4)(A)(i). Debtor's applicable commitment period of three years was determined at confirmation of Debtor's original plan in 2016. Therefore, the plan

duration must be no less than 3 years. As a result, Debtor must propose a modified plan of no less than 36 month, unless of course the plan provides for a 100% payback to unsecured creditors.

**RESPONSE:**

Facts:

Debtor filed a plan in 2016 which was confirmed. That plan met liquidation and made a payment to unsecured creditors.

The debtor died and debtor's counsel filed a Motion for Relief Upon Death of Debtor which was granted.

The debtor's representative then filed the herein plan which provides the same distribution to the unsecured creditors that the 2016 plan filed.

Legal Issue Presented

Can a debtor with a confirmed plan confirm a modified plan that provides essentially the same distribution but in shortened time? This issue focuses on the interaction between Section 1321 which provides, "the debtor shall file a plan" with F.R.B.P. 106 which provides:

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under Chapter 11, chapter 12 or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

The issue more pointed is when Rule 1016 said "the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred," did it mean that for the purposes of Section 1321 the word "debtor" may include "deceased debtor's representative" in the same manner that word "person" can include a corporation or where the word "trustee" can include the words "debtor in possession."

The debtor's counsel suggests that the authority cited by the trustee does not speak directly to the situation at hand.[1]

The treatment of the Chapter 13s in light of 106 is varied. While some cases have gone as far as not allowing joint administration after the death of one co-debtor, *See, In re Waring* 555 B.R. 754 (Bankr. Col. 2016), other courts have been more flexible.

The court in *Terry,* 543 B.R. 173 (Bankr. E.D. Pa. 2015) the court allowed a post-mortem confirmation of a plan proposed by the debtor before his death.

Several cases have allowed a deceased debtor to seek a hardship discharge. *See, e.g. In re Lizzi*, 2015 Bankr. LEXIS 1098 (Bankr. N.D. N.Y. 2015) and *in re Ferguson*, 2015 Bankr. LEXIS 560 (Bankr. W.D. Tex. 2015).

///

///

---

[1] Debtor's counsel, unfortunately, has a duty to disclose a contrary authority. In the case of *In re Martinez*, 2013 Bankr. LEXIS 4853 (Bankr. W.D. Tex. 2013) the debtor died post filing but pre-confirmation. Debtor's attorney filed an amended plan. The court noted that the debtor's disabled son would benefit from protection of the home, the court noted that only a debtor may propose a plan. Debtor's counsel distinguishes *Martinez* from the case at bar because in the case at bar, the debtor had already confirmed a plan.

-4-

Here, while the proposed plan has been signed by a representative of the debtor and not the debtor, debtor's counsel submits that in terms of payment to creditors, the only difference between the original plan and the current plan is that under the current plan the creditors get paid sooner.

DATED: 3/21/19

LAW OFFICES OF PATRICK KAVANAGH

By _____
PATRICK KAVANAGH
Attorney for Debtors